IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CINDY WHITEHEAD, | : | Case No. 1:19-cv-293 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ORKIN, LLC, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 6)**

This case is before the Court on the Motion for Partial Summary Judgment (Doc. 6) filed by Defendant Orkin, LLC.  Plaintiff Cindy Whitehead alleges that Orkin terminated her employment in violation of the Americans with Disability Act ("ADA"), Ohio Civil Rights Act ("OCRA"), and Family Medical Leave Act ("FMLA").  In the instant motion, Orkin contends that Whitehead's FMLA and OCRA claims are barred by the limitation-of-actions provision in her employment application.  Because that provision is ambiguous, however, it must be construed in Whitehead's favor as the non-drafting party.  When so construed, the provision does not restrict the period in which she can bring her claims.  Orkin's Motion for Partial Summary Judgment is therefore **DENIED**.

### FACTS

The following facts are undisputed for purposes of Orkin's Motion.  On June 22,

2016, Whitehead applied for employment with Orkin. (Doc. 6-1 at PAGEID # 52.) The employment application that she completed contained a section entitled "**Conditions of Application and Employment**" stating:

> **PLEASE READ CAREFULLY the following statements contained in paragraphs A, B, C and D before signing.** [. . .] (B) I understand this application is current for sixty (60) days. If I have not heard from the Company within that time and still wish to be considered for employment, I understand that it will be necessary for me to submit a new application. In consideration for the Company's review of my application, and, if appropriate, keeping it on file for sixty (60) days so that if I reapply I do not need to complete another one. I agree that any claim, lawsuit or Request for Dispute Resolution covered by the Company's Dispute Resolution Policy arising out of my application for employment or subsequent employment with the Company that I bring against the Company must be filed no more than six (6) months after the date of the employment action that is the subject of the claim, lawsuit or dispute unless applicable law provides for a longer statutory period. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

(Doc. 6-1 at PAGEID # 56.) Whitehead electronically signed the employment application and submitted it for Orkin's consideration. (*Id.*)

On July 21, 2016, Orkin hired Whitehead as a Customer Service Specialist. (Doc. 3 at PAGEID # 24, ¶ 6.) On September 11, 2017, Plaintiff began a medical leave of absence. (*Id.* at PAGEID # 25, ¶ 8-9.) On or about December 4, 2017, upon returning to work, Whitehead was informed that her employment was terminated due to customer complaints. (*Id.* at ¶ 11.)

On May 17, 2018, Whitehead filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination under ADA.  (Doc. 7-1 at PAGEID # 59, 61.)  On June 12, 2018, the EEOC notified her that it would send her charge to the Ohio Civil Rights Commission "as required by our procedure."  (*Id.* at PAGEID # 62-63.)

On March 20, 2019, Whitehead filed this lawsuit alleging claims for disability discrimination and violation of Whitehead's rights under the FMLA.  Orkin moves to dismiss Counts II (disability discrimination under the OCRA), III (interference with FMLA rights), and IV (retaliation under FMLA) of Whitehead's Complaint.

**ANALYSIS**

Orkin moves for partial summary judgment on the ground that Whitehead's claims are time-barred under the limitation-of-actions clause in her employment application.  In response, Whitehead makes several arguments, only one of which needs to be considered to rule on Orkin's motion.  That argument is that the limitation-of-actions provision is ambiguous and therefore must be construed in her favor.

The parties agree that the employment application is a contract whose construction is governed by Ohio law.  When interpreting a contract under Ohio law, the court's role is to give effect to the parties' intent as set forth in their agreement.  *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St. 3d 270, 273, 714 N.E.2d 898 (1999), citing *Employers' Liab. Assur. Corp. v. Roehm*, 99 Ohio St. 343, 124 N.E. 223 (1919), syllabus.  *See also* Section 28, Article II, Ohio Constitution.  The court examines the contract as a whole and presumes that the parties' intent is reflected in the language

3

that they used. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Common words in a contract are given their plain and ordinary meaning "unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents" of the contract. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St. 2d 241, 245–46, 374 N.E.2d 146 (1978). Where a contract's terms are clear and unambiguous, the court cannot create a new contract by finding an intent not expressed by the parties. *Id.* "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.

Where a contract is ambiguous, a court may consider extrinsic evidence to ascertain the parties' intent. *Shifrin v. Forest City Enterprises, Inc.*, 64 Ohio St. 3d 635, 597 N.E.2d 499 (1992). It cannot, however, impute an intent to the contract inconsistent with its express terms. *Blosser v. Enderlin*, 113 Ohio St. 121, 148 N.E. 393 (1925), paragraph one of the syllabus ("there can be no intendment or implication inconsistent with the express terms [of a written contract]").

Generally, the factfinder is charged with determining the meaning of an ambiguous term. *See, e.g.*, *Davis v. Loopco Industries, Inc.*, 66 Ohio St. 3d 64, 609 N.E.2d 144 (1993). "However, where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting party." *Westfield*, 2003-Ohio-5849 at ¶ 13, citing *Cent. Realty Co. v. Clutter*, 62 Ohio St.2d 411, 413, 406 N.E.2d 515 (1980).

In this case, the provision at issue contains contradictory language. It first states:

> I agree that any claim, lawsuit or Request for Dispute Resolution covered by the Company's Dispute Resolution Policy arising out of my application for employment or subsequent employment with the Company that I bring against the Company must be filed no more than six (6) months after the date of the employment action that is the subject of the claim, lawsuit or dispute *unless applicable law provides for a longer statutory period*.

(Doc. 6-1 at PAGEID # 56 (emphasis added).) This provision requires Whitehead to bring any claim, lawsuit or request for dispute resolution within six months after the challenged employment action, subject to one exception. That exception is "unless applicable law provides for a longer statutory period." As Whitehead correctly asserts, this exception may be reasonably interpreted to mean that the six-month limitation applies only if an applicable statute does not contain a limitations period longer than six months. In the Court's view, this is the only reasonable interpretation of this sentence.

Next, however, the provision states:

> While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

(*Id.*) Contrary to the sentence above, this sentence provides that Whitehead cannot rely on any longer limitations period applicable to her claims, but instead waives the right to avail herself of any such statute of limitations. The two sentences are plainly contradictory. Neither sentence, when considered alone, is ambiguous. But, when considered together, they cannot be reconciled.

Orkin cites several cases where a limitation-of-actions provision has been enforced against an employee. None of those cases, however, involve a provision that

5

contains an inherent contradiction like the one in this case. *See*, *e.g.*, *Williamson v. W. & S. Life Ins. Co.*, 2008-Ohio-5575, ¶ 25 ("Appellant signed an employment contract which stated that he agreed 'not to commence any action or suit relating to your employment with Western Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary.'"); *Jacobs v. W. & S. Life Ins. Co.*, 2008-Ohio-3298, ¶ 3 ("You agree […] [n]ot to commence any action or suit relating to your employment with Western–Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary."); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 354 (6th Cir. 2004) ("I agree that any claim or lawsuit relating to my service with Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary."); *Roger Hoskins, et al. v. DaimlerChrysler Corporation, et al.*, Case No. 3:03-cv-00338 (S.D. Ohio Oct. 2, 2003), Doc. 17-1 at PAGEID # 1205 ("I agree that any claim or lawsuit relating to my service with Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.").

Neither party contends that extrinsic evidence is necessary to construe the limitation-of-actions provision. Moreover, this case involves a standardized contract between parties of unequal bargaining power. Consequently, the provision must be strictly construed against its drafter, Orkin. *Westfield*, 2003-Ohio-5849 at ¶ 13. So construed, the result is plain. Whitehead may rely on the statutory limitations period

for her claims. For her FMLA claims, the statute of limitations is two to three years. 29 U.S.C. § 2617(c)(1)-(2) (two years for any violation; three years for willful violation). Whitehead's state law disability discrimination claim is subject to a six-year statute of limitations. *See* Ohio R.C. § 4112.99; *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 638 N.E.2d 991 (1994), syllabus ("R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations.")

Orkin terminated Whitehead's employment on December 4, 2017. She brought this lawsuit on March 20, 2019—one year, three months and seventeen days after her termination. Accordingly, she has brought her FMLA and state law disability discrimination claims within the applicable statutes of limitations.

## CONCLUSION

For the reasons above, the Court **DENIES** Orkin's Motion for Partial Summary Judgment (Doc. 6).

**IT IS SO ORDERED.**

> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF OHIO
>
> By: *Matthew W. McFarland*
> JUDGE MATTHEW W. McFARLAND